## J. L. ELLINGTON v. STATE.

No. A-3354—Opinion Filed Feb. 12, 1920.

(187 Pac. 250.)

(Syllabus.)

**FALSE PRETENSES—Evidence Warranting Conviction.** In a prosecution for obtaining money by false pretenses, evidence considered, and held sufficient to sustain the conviction, and that no reversible error occurred upon the trial.

*Appeal from District Court, Bryan County;*
*Jesse M. Hatchett, Judge.*

J. L. Ellington was convicted of obtaining money by false pretenses, and he appeals. Affirmed.

*Crockett & Fowler,* for plaintiff in error.

The Attorney General and *W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, J. L. Ellington, was convicted of the offense of obtaining money by false pretenses, and his punishment fixed at imprisonment in the penitentiary for the term of one year and a fine of $15. From the judgment rendered on the verdict, an appeal was perfected by filing in this court on May 10, 1918, a petition in error with case-made.

The errors assigned are as follows:   Irregularities in the proceedings of the court and jury, and abuse of discretion by which the defendant was prevented from having a fair trial; error of court in misdirecting the jury in matters of law arising during the course of trial; error in admitting incompetent evidence on the part of the state, and error in rejecting competent evidence offered on the part of the defendant; that the verdict is contrary to law, and is not sustained by the evidence; and error in overruling motion for new trial.   No brief has been filed.   The case was submitted on the record.

Notwithstanding the failure to file brief, we have carefully examined the entire record.   The information in substance charges that the defendant obtained from H. A. Wright the sum of $4.50 and 50 cents worth of merchandise, by presenting to the said H. A. Wright a certain false and bogus check, drawn for the sum of $5 on the American State Bank of Durant, signed by one Ed. Malley, and representing, with the intent to defraud, said check to be genuine and of the value of $5, when in truth and in fact said check was bogus, and not of the value of $5 in money, or any other sum; said Ed. Malley did not have money on deposit in said bank to meet said check upon its presentation, all of which the said defendant well knew.

The evidence shows or tends to show that the defend-

ant wrote the check and had Ed. Malley sign the same; then the defendant went into Wright's place of business and bought 50 cents worth of meat, paying therefor by giving said check and representing that said check was good: that he then walked out and gave one-half of the money so received to Ed Malley, who was waiting for him outside Wright's place of business.

Three or four other checks of similar amounts, executed previously, were on the same day passed by the defendant, and were offered in evidence for the purpose of showing the plan to defraud. It does not appear that any exception was taken to any ruling of the court at the trial, and it does not appear that a motion for a new trial was filed in the case. There is consequently nothing before us to review upon the assignments of error, unless some fundamental error is apparent.

Finding no fundamental error in the record, the judgment of the district court of Bryan county is affirmed.

ARMSTRONG and MATSON, JJ., concur.